MATTER OF YODYING

In Deportation Proceedings

A-20543713

*Decided by Board October 30, 1979*

An application for adjustment of status (I-485) is effectively filed on the date it was submitted simultaneously with a visa petition where the I-485 was retained for processing on that date, was not returned to the respondent for any reason, an immigrant visa was available on that date, and where the accompanying visa petition was eventually approved. 8 C.F.R. 245.2(a). *See Matter of Garcia,* 16 I&N Dec. 653 (BIA 1978).

CHARGE:
Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor—remained longer than permitted

ON BEHALF OF RESPONDENT: Bill W. Lew, Esquire
Schonfeld, Lew & Savin
2500 Wilshire Boulevard
Los Angeles, California 90057

By: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The respondent has appealed from the decision of an immigration judge, dated September 19, 1978, denying her application for adjustment of status. The record will be remanded.

The respondent is a 37-year-old native and citizen of Thailand who entered the United States on January 19, 1970, as a nonimmigrant visitor. On December 2, 1974, the respondent was found deportable under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(2), as a nonimmigrant who had remained in the United States beyond the period of her authorized stay. The respondent was granted the privilege of voluntary departure on or before March 2, 1975.

On July 14, 1976, a sixth-preference visa petition (Form I-140) was filed on the respondent's behalf by the Gilbert Marking Company. The petition was based upon a labor certification filed on November 29, 1974, and approved on June 2, 1976. On July 14, 1976, the respondent also filed her application for adjustment of status (Form I-485). Noted

on that application are the words "insists on filing I-485 also." The visa petition was approved on May 25, 1977.

In his decision, the immigration judge concluded that the respondent was statutorily ineligible for adjustment because she had continued in unauthorized employment after January 1, 1977. *See* section 245(c) of the Act, 8 U.S.C. 1255(c). In his decision, the immigration judge held that the respondent's filing of her adjustment application was ineffective:

> The respondent did not meet the eligibility requirements of Section 245 until her visa petition was approved on May 25, 1977. . . . If the matter had been brought before me as a Motion to Reopen [before that date the] regulations would have mandated a denial of her motion. . . . The 'filing' of the Application for Adjustment of Status in this case could only have been accomplished before an immigration judge in a proper deportation proceeding.

At the time the respondent filed her adjustment application with her I-140, 8 C.F.R. 245.2(a) (1976) provided, in part, as follows:

> (1) An application for adjustment of status . . . by an alien after he has been served with an order to show cause . . . shall be made and considered only in proceedings under Part 242 of this chapter. . . .

> (2) Before an application for adjustment of status . . . may be considered properly filed, a visa must be immediately available. If a visa would be immediately available only upon approval of a visa petition, the application will not be considered properly filed unless such petition has first been approved. *If a visa petition is submitted simultaneously with the adjustment application, the adjustment application shall be retained and processed only if the petition is found to be in order for approval upon initial review by an immigration officer, is approved, and approval makes a visa immediately available.* If the petition is returned to the petitioner for any reason, or decision thereon is deferred for investigation, interview, labor certification or consultation with another Government agency, or if the petition is denied, the adjustment application shall not be considered as having been properly filed. . . . (Emphasis supplied.)

The immigration judge appears to have relied on the language in 8 C.F.R. 245.2(a)(1), above, to find an "ineffective" filing of the respondent's I-485. However, this reading effectively precludes an alien in deportation proceedings from taking advantage of the simultaneous filing provisions of 8 C.F.R. 245.2(a)(2). We find that the language of the regulation does not compel such a result.[1]

---

[1] We note that we have interpreted the revised provisions of 8 C.F.R. 245.2(a)(2) to permit an alien in deportation proceedings to take advantage of the simultaneous filing provision in *Matter of Garcia*, 16 I&N Dec. 653 (BIA 1978). We there stated:

> It has been suggested that the simultaneous filing provisions of 8 C.F.R. 245.2(a)(2) were designed to apply only where the visa petition and adjustment application are submitted to the District Director prior to the institution of deportation proceedings. We find that neither the language of the regulation itself nor policy considerations support an interpretation which would render the regulation nugatory after an Order to Show Cause has been issued and we decline to adopt such a restrictive

The regulation permits an alien to file a visa petition and an adjustment application simultaneously if certain conditions are met. In the present case, the respondent's I-485 was retained for processing by an immigration officer, an immigrant visa was available on that date (*see* Department of State Visa Bulletin, Vol. II, No. 103, July 1976), and the underlying visa petition was (eventually) approved. There is no indication in the record that the application was returned to the respondent for any reason. Accordingly, we find that the respondent, in accordance with the provisions of 8 C.F.R. 245.2(a)(2) (1976), effectively filed her adjustment of status application on July 14, 1976, and that she is not barred from adjustment under the provisions of section 245(c) of the Act.

As the immigration judge determined that the respondent had not established statutory eligibility for section 245 relief, he did not reach the issue of discretion. We will, therefore, remand the record for further proceedings to determine if the respondent's application merits a favorable exercise of discretion.

**ORDER:** The record is remanded for further proceedings in accordance with the foregoing opinion and the entry of a new decision.

---

interpretation.

*Id.* at 4. The same considerations support our decision herein that the respondent effectively filed her adjustment application on July 14, 1976.